IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| James L. Roudabush, Jr., | ) C/A No.: 8:17-3417-BHH |
|---|---|
| Petitioner, | ) |
| vs. | ) **ORDER AND OPINION** |
| G. Mosley, *Warden FCI Edgefield*, | ) |
| Respondent. | ) |

This matter is before the Court on Petitioner James L. Roudabush's ("Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On July 13, 2018, Magistrate Judge Jacquelyn D Austin issued a Report and Recommendation ("Report") recommending that Respondent G. Mosley, *Warden FCI Edgefield*'s ("Respondent"), motion for summary judgment be granted and Petitioner's petition for a writ of habeas corpus and motion for injunction both be denied. (ECF No. 45.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them herein, reciting below only in relevant part.

**BACKGROUND**

Petitioner filed this action requesting that a disciplinary report and charges be expunged from his Bureau of Prison's ("BOP") record and that his disallowed Good Time Credit ("GTC") be recalculated. On July 13, 2018, the Magistrate Judge issued a Report (ECF No. 45), and on July 30, 2018, Petitioner filed his objections (ECF No. 48).

1

Petitioner also filed a supplement (ECF No. 50) to his objections. The Court has reviewed Petitioner's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

Magistrate Judge Austin first found that a genuine issue of material fact remains as to whether Petitioner timely exhausted his administrative remedies through BOP's Administrative Remedy Process, and recommended that Respondent's motion for summary judgment on that basis be denied and that the Court proceed to the merits of Petitioner's claims. (*See* ECF No. 45 at 17-20.) Respondent did not object to this

conclusion, and the Court agrees with Magistrate Judge Austin's analysis. Accordingly, the Court proceeds to the merits of the § 2241 petition.

Magistrate Judge Austin next concluded that Petitioner failed to state a cognizable claim for a habeas action pursuant to § 2241.[1] (*See id.* at 20-25.) Petitioner filed hand-written objections to the Report, which the Court has carefully reviewed. First, Petitioner objects that the Magistrate Judge, in her Report, did not address his claim that his GCT was incorrectly calculated. (ECF No. 48 at 1.) However, the Court notes that the Magistrate Judge *did* address this claim and the Sentence Monitoring Good Time Data Sheet submitted by Respondent to substantiate the GCT calculation pertaining to Petitioner. (*See* ECF No. 45 at 25 n.9.) The first objection is overruled.

Second, Petitioner objects that the Magistrate Judge was wrong to note that Petitioner failed to present any evidence rebutting the data and calculations submitted by Respondent, including the disallowance of 41 GCT days at issue. (ECF No. 48 at 2.) Petitioner references his response in opposition to Respondent's motion for summary judgment as the source of this evidence, and appears to allege that someone at the court or the prison "lost" or removed documents from his filing. (*Id.*) After reviewing Petitioner's opposition, the Court can only conclude that Petitioner is relying upon the rambling and incoherent *arguments* about GCT therein (*see* ECF No. 27 at 3-4), as well as the conclusory factual assertions about his GCT made in the affidavit attached thereto (*see* ECF No. 27-1 at 2-3). The Court agrees with the Magistrate Judge that Petitioner has failed to submit *evidence* rebutting the GCT calculation data in the record;

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of the Magistrate Judge's Report and Recommendation; exhaustive recitation of law and fact exist there.

unsupported arguments and erroneous assertions about how BOP supposedly *should have* calculated Petitioner's GCT are not evidence. To the extent Petitioner relies upon those arguments and assertions to create an issue of material fact and avoid summary judgment, the issue is not *genuine*. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) (stating that an issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant). The second objection is overruled.

Third, Petitioner objects that the Magistrate Judge was wrong to conclude that no due process violation occurred because Petitioner has other sources of "government created rights," not grounded in the United States Constitution, that the Due Process Clause putatively protects. (*See* ECF No. 48 at 3.) Here, Petitioner references various sections of the Code of Federal Regulations pertaining to the disciplinary process in federal prisons and a section of the United States Code pertaining to the general duties of the BOP. (*Id.*) Petitioner is incorrect. The Court finds that the Magistrate Judge applied the correct precedent pertaining to the requirements of due process in prison disciplinary hearings. (*See* ECF No. 45 at 22-24 (conducting an analysis under *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985)).) Petitioner's objection fails to point to any error in the Magistrate Judge's application of that precedent, and the Court finds no error. The third objection is overruled.

Fourth, Petitioner objects by claiming that the "some evidence" standard has not been satisfied because there is there is *no* evidence in the record to substantiate a Code 297 violation; according to Petitioner, Code 297 does not prohibit him from using

4

another inmate's telephone privileges. (*See* ECF No. 48 at 3.) Petitioner is wrong. The "some evidence" standard from *Hill*, 472 U.S. at 455-56, applies to the existence, or lack thereof, of evidence in the record to support the Disciplinary Hearing Officer's ("DHO") decision. The Court has reviewed the DHO's report and finds that it is supported by sufficient evidence to satisfy due process requirements. (*See* ECF No. 15-11 at 2-3 (detailing the specific evidence relied upon by the DHO to support the disciplinary findings).) The fourth objection is overruled.

Fifth, Petitioner rehashes his objection that the applicable BOP regulations do not prevent him from using another inmate's phone account. (*See* ECF No. 48 at 4.) Petitioner is wrong again. Table 1 of Title 28, Code of Federal Regulations, Section 541.3, itemizes a list of prohibited acts and available sanctions applicable to BOP inmates. Under "High Severity Level Prohibited Acts," Code 297 prohibits "[u]se of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act." 28 C.F.R. § 541.3, Table 1. It is undisputed that Petitioner was on phone restriction at the time of the incident in question. Thus, there was a reasonable basis for the DHO to find that Petitioner was circumventing the ability of BOP staff to effectively monitor his phone use by using another inmate's phone account. The fifth objection is overruled.

Sixth, Petitioner objects by making generalized assertions that the result of his disciplinary hearing was arbitrary, that he was denied due process because there was no evidence to support the charged violations of prison rules, that there was a non-specified constitutional violation, and that a genuine issue of material fact remains in

dispute. (*See* ECF No. 48 at 5.) These assertions are unsupported and conclusory. Petitioner does not explain in any way how the reasoning and analysis of the Magistrate Judge is erroneous, or even attempt to connect his assertions to anything specific in the record. The sixth objection is overruled.

Seventh, Petitioner rehashes his objection that his dispute over the calculation of GCT is a material fact and precludes the entry of summary judgment. (*See* ECF No. 48 at 5.) Petitioner also asserts that his disputes about what conduct is prohibited under prison rules and the prison rules' constitutionality are material facts preventing the entry of summary judgment. (*Id.*) Additionally, Petitioner argues that *he* did not give money to another inmate, and therefore cannot be sanctioned for a violation of Code 328. (*Id.* at 6.) Here, Petitioner's arguments are too clever by half. Code 328 prohibits "[g]iving money or anything of value to, or accepting money or anything of value from, another inmate or any other person without staff authorization." 28 C.F.R. § 541.3, Table 1. While it is true that Petitioner did not personally hand money to inmate McArthur, it is also true that Petitioner directed his sister, with whom he was speaking on inmate McArthur's phone account, to send $60-$70 to inmate McArthur, which she ultimately did. (*See* ECF No. 15-11 at 2.) Petitioner does not dispute that his sister gave inmate McArthur the money in question. (*See* ECF No. 48 at 6.) Under normal principles of agency, the $70 given to inmate McArthur is imputed to Petitioner, and Petitioner is responsible for conduct done at his direction that violated prison rules. The remainder of the seventh objection consists of mere conclusory assertions and it is overruled in its entirety.

Eighth, Petitioner objects that Magistrate Judge Austin should have recused herself. (*See* ECF No. 48 at 6.) Petitioner has not set forth any valid basis for recusal in this case, and Petitioner's assertions strike the Court as a blatant attempt to nullify the well-reasoned analysis and recommendations of the Magistrate Judge simply because Petitioner is unhappy with the implications for his claims. The eighth objection is overruled.

Ninth, Petitioner objects, yet again, to the mechanics of his GCT calculation in light of the disciplinary hearing in question. (*See* ECF No. 48 at 7-8.) He argues that, after having disallowed 27 days of GCT for the Code 297 violation, the DHO "incorrectly" disallowed 14 days of GCT for the Code 328 violation, because "The DHO can only take 25% of available credit if less than 54 days are available for the pro-rated yr. After committing two or more moderate offenses." (ECF No. 48 at 7 (alterations and errors in original).) Petitioner further argues that he should have 7 days of disallowed GCT returned to him for the "Cat. 312 charge." (*Id.* at 8.) This secondary portion of Petitioner's argument appears to be premised on a flawed understanding of the result of his disciplinary hearing. Petitioner's third charge was for an alleged Code 316 ("Being in an Unauthorized Area") violation, not "312." The DHO found that there was insufficient evidence to support the alleged Code 316 violation and did not impose any sanction connected to that charge. (*See* ECF No. 15-12 at 2-3; *see also* ECF No. 15-11 (including no reference to the Code 316 charge in the DHO Report).) The remainder of this objection is premised on Petitioner's flawed understanding of permissible sanctions under the controlling regulations. Sections 541.4(a)(2) & (b)(3) of Title 28, Code of Federal Regulations, prescribe that an inmate in Petitioner's situation "*will lose at least*

7

14 days, or 25% of available credit if less than 54 days are available for the prorated period, after committing two or more Moderate severity acts during the current year of . . . good conduct sentence credit availability." *See* 28 C.F.R. § 541.4 (emphasis added). Petitioner references sections 541.4(a)(2) & (b)(3) in his argument, believing that once 27 days of GCT were disallowed for the Code 297 violation he only had 27 days remaining of the annual 54-day total, and that no more than 25% of those remaining 27 days should have been disallowed for the Code 328 violation. (*See* ECF No. 48 at 7-8.) However, Petitioner fails to realize that the regulatory provisions he cites pertain to *mandatory disciplinary sanctions*, meaning that a prisoner *must* have *no less than* the itemized number of GCT days disallowed if the prisoner meets the predicate conditions for such mandatory sanctions. *See* 28 C.F.R. § 541.4(b) (setting forth various GCT disallowances as "mandatory disciplinary sanctions"). These provisions are a floor, not a ceiling, on the sanctions that a DHO is permitted to impose under such circumstances. Table 1 of Title 28, Code of Federal Regulations, Section 541.3, sets forth the "Available Sanctions for Moderate Severity Level Prohibited Acts," which include, "Disallow ordinarily *up to* 25% (1-14 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended)." *See* 28 C.F.R. § 541.3, Table 1 (emphasis added). In other words, disallowance of 14 days GCT is a permissible sanction for *one* "Moderate" violation, including a violation of Code 328. Moreover, Petitioner misunderstands the use of the term "prorated period" in § 541.4(b)(3), which only applies to the calculation of permissible sanctions if the term of confinement at issue is less than one year, making less than 54 days GCT available at the outset, *prior to the imposition of any sanctions*. The imposition of a 27-day

disallowance as a sanction for one violation (here, Code 297), does not mean that "less than 54 days are available for the prorated period" within the meaning of § 541.4, when it comes to imposing a sanction for a second violation (here, Code 328). The ninth objection is overruled.

In a supplement to his initial objections, Petitioner makes various additional arguments in an attempt to challenge the Magistrate Judge's conclusions in the Report. (*See* ECF No. 50.) However, the arguments in the supplement constitute rehashed versions of objections already addressed and overruled above, or mere conclusory assertions. To the extent that these arguments are construed as additional objections, they are overruled.

The Report concludes that the Petitioner failed to state a cognizable basis for relief under § 2241, that there is no genuine dispute as to any material fact, and that Respondent is entitled to judgment as a matter of law. (*See* ECF No. 45 at 25.) The Magistrate Judge further concludes that Petitioner's motion for injunction should be denied because Petitioner alleges claims in the motion unrelated to the instant action, and because Petitioner fails to make an adequate showing to satisfy any of the four necessary factors under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). (See *id.* at 26.) The Court agrees with the cogent analysis of the Magistrate Judge, and after conducting *de novo* review, detects no error in the Report. Accordingly, the Court need not discuss the same issues for a second time here.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's

Report herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 15) be granted and Petitioner's petition for a writ of habeas corpus (ECF No. 1) and motion for injunction (ECF No. 26) both be denied.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 24, 2018
Charleston, South Carolina